(24 P.3d 739)

No. 85,499

DALE E. McCORMICK, *Appellant*, v. BOARD OF COUNTY COMMISSIONERS OF SHAWNEE COUNTY, KANSAS; SHAWNEE COUNTY; CYNTHIA J. LONG AS A PRIVATE INDIVIDUAL; CYNTHIA J. LONG AS A DEPUTY DISTRICT ATTORNEY; AND JOAN HAMILTON AS A PRIVATE INDIVIDUAL, *Appellees*.

Opinion filed March 30, 2001. Modified opinion filed May 2, 2001.

*Dale E. McCormick*, appellant pro se.

*Richard V. Eckert*, county counselor, for appellees Board of County Commissioners of Shawnee County and Shawnee County.

*M. J. Willoughby*, assistant attorney general, for appellees Hamilton and Long.

Before KNUDSON, P.J., LEWIS, J., and WARREN M. WILBERT, DISTRICT JUDGE, assigned.

KNUDSON, J.: Dale E. McCormick appeals the district court's dismissal of his petition for failure to state a claim upon which relief may be granted. McCormick sued multiple defendants requesting damages and injunctive relief for a perceived violation of his constitutional right to be free from an unreasonable seizure and detention. In addition to his claim under 42 U.S.C. § 1983 (1994), McCormick presents numerous tort claims under State law against the defendants. The defendants are the Board of County Commissioners of Shawnee County (Commissioners), the Shawnee County District Attorney's office, Joan Hamilton, and Cynthia Long. At the time the petition was filed, Hamilton was Shawnee County District Attorney and Long was one of her deputy prosecutors.

As a preliminary matter, McCormick in his written brief abandoned his claim for injunctive relief. His decision effectively removes the Shawnee County District Attorney's office from this

litigation; remaining is his damage claim against the other named defendants.

We affirm in part, reverse in part, and remand for further proceedings.

The underlying factual circumstances are: On September 8, 1999, Assistant District Attorney Cynthia Long *signed a probable cause affidavit* and filed a complaint charging McCormick with stalking, a severity level 10 person felony. K.S.A. 21-3438. The State, however, voluntarily dismissed the complaint on September 28, 1999. On September 29, 1999, officers of the University of Kansas Public Safety Office, apparently believing there was an active arrest warrant for McCormick, took him into custody and detained him for approximately 1 hour. We are left to speculate why there was an apparent breakdown in communication between the criminal justice agencies as to the dismissal of the criminal complaint against McCormick. As a result of his arrest and detention, McCormick filed this litigation, asserting various tort claims and a § 1983 claim. McCormick's petition included the following factual allegations:

"10. On or about the 8th day of September, 1999, while in **connivance** with other private persons and governmental entities, Cynthia J. Long, acting as an agent of Shawnee County and the [Shawnee County District Attorney's office], **swore** her name to a 'felony stalking' 'complaint' against plaintiff in Shawnee County District Court. This utterly fraudulent 'complaint' caused a charge of 'felony stalking' to lie against plaintiff, subsequently causing a 'felony warrant' to issue for the arrest of plaintiff. The case number of this malicious prosecution was 99-CR-3636.

"As a 'specific' averment of 'fraud,' said 'complaint' alleged that plaintiff had been feloniously 'stalking' [Y.H.] since 12-31-98. In reality, plaintiff and [Y.H.] had a strange but intimate relationship through June of 1999, several weeks prior to [Y.H.] making her first fraudulent 'police report' against plaintiff on 6-27-99. Ms. Long was possessing [*sic*] of information that established these facts, but she deliberately excluded this information from the false and fraudulent 'felony stalking complaint' and 'affidavit' she 'swore' against plaintiff. Ms. Long intentionally, or with utterly malicious negligence, caused a magistrate to be deceived into allowing this fraudulent 'stalking' charge to lie against plaintiff, subsequently causing said magistrate to issue 'felony warrants' for the arrest of plaintiff.

. . . .

"12. The 'felony stalking' 'complaint' and 'affidavit' that Ms. Long swore against plaintiff on or about 9-8-99, were perjured, and could scarcely have been more

contradictory, false, deceptive, deceitful, or misrepresentative of the facts and circumstances surrounding plaintiff's relationship with [Y.H.]. The utter falsity of these instruments 'sworn' by Ms. Long clearly attaches liability to each of the defendants for damages suffered by plaintiff as a result of the ensuing malicious prosecution."

The defendants' motions for dismissal for failure of the petition to state a claim were granted by the district court. The court reasoned Long had absolute immunity as a prosecutor and was not subject to a § 1983 claim and that Long also was immune from McCormick's tort claims under the discretionary function exception of the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*

## Standard of Review

Our standard of review of a dismissal of an action for failure to state a claim for relief under K.S.A. 60-212(b) is stated in *Ripley v. Tolbert*, 260 Kan. 491, ¶¶ 1, 2, 921 P.2d 1210 (1996):

"Disputed issues of fact cannot be resolved or determined on a motion to dismiss for failure of the petition to state a claim upon which relief can be granted. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim."

"In considering a motion to dismiss for failure of the petition to state a claim for relief, a court must accept the plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not mean the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened, or if these allegations are contradicted by the description itself."

In addition, "it is our duty to determine whether those pleaded facts and inferences state a claim, not only on the theory which may be espoused by the plaintiffs, but on *any possible theory* we can divine." *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231, 805 P.2d 1244, *rev. denied* 248 Kan. 996 (1991).

## The Claims Against Long

### § 1983 Claim

The district court determined that Long has absolute prosecutorial immunity from McCormick's § 1983 claim. The court found

that Long merely followed the well-established procedures in connection with preparing and filing an information against a suspect and applying for an arrest warrant. Thus, the court reasoned, Long's activities were within the scope of her duties as a prosecutor and she has absolute immunity from McCormick's claims.

In determining questions of immunity, the court must accept the allegations in the petition as true. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993). Long filed a criminal complaint against McCormick and signed an affidavit, which resulted in the issuance of an arrest warrant. That complaint was dismissed by the State 1 day before McCormick was detained. In his petition, McCormick claims that Long swore to facts she knew were false and failed to include exculpatory facts in her affidavit. McCormick contends that when Long signed the affidavit, she stepped outside of her role as a prosecutor and into that of a complaining witness. As a result, McCormick argues Long is not entitled to absolute immunity, only qualified immunity.

McCormick's argument is based upon *Kalina v. Fletcher*, 522 U.S. 118, 120, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997). In *Kalina*, the Court addressed the question of whether 42 U.S.C. § 1983 creates a remedy against a prosecutor for making false statements of fact in an affidavit supporting an application for an arrest warrant, or whether such conduct is protected by the doctrine of absolute prosecutorial immunity. In determining immunity, the court must examine the nature of the function performed, not the identity of the actor who performed it. See *Forrester v. White*, 484 U.S. 219, 229, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988).

Long's filing of the complaint in this case was well within her duties as a prosecutor. K.S.A. 2000 Supp. 22-3201. Prosecutors have absolute immunity for activities intimately associated with the judicial phase of the criminal process, that is, for performing the traditional functions of an advocate. *Imbler v. Pachtman*, 424 U.S. 409, 430, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976). However, McCormick alleges that Long also swore to and filed an affidavit which resulted in a determination of probable cause. This is not a function that a prosecutor is required to perform. K.S.A. 22-2302. In fact, it is a law enforcement officer who typically attests to facts in an

affidavit. *Kalina*, 522 U.S. at 130 n.16. The *Kalina* Court unanimously held that when a prosecutor personally attests to the truth of statements in an affidavit, he or she becomes a complaining witness. 522 U.S. at 130-31. The district court failed to recognize this important distinction in its reading of *Kalina*. A prosecutor acting as a complaining witness, and not as a lawyer, is only entitled to qualified immunity. 522 U.S. at 122.

Nevertheless, Long maintains she never stepped outside of her role as a prosecutor but followed the generally recognized practices in the Shawnee County District Attorney's office. This is precisely the defense the Supreme Court rejected in *Kalina*. 522 U.S. at 130-31. The Court took great pains to point out that the practice of prosecutors personally swearing to affidavits is not routine and, moreover, that ethical concerns should counsel against participating as both a witness and an advocate in the same proceeding. 522 U.S. at 130.

We turn next to the question of whether, under the allegations, Long is entitled to qualified immunity for her actions. Qualified immunity provides ample protection to all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986). Governmental officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982). In other words, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987). A necessary concomitant to the determination of whether the constitutional right asserted by the plaintiff is "clearly established" is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 232, 114 L. Ed. 2d 277, 111 S. Ct. 1789, *reh. denied* 501 U.S. 1265 (1991).

McCormick alleges that Long swore to and filed a false affidavit in connection with his criminal prosecution. As a result, a warrant for his arrest was issued. McCormick was seized and detained for approximately 1 hour on the campus of the University of Kansas by officers relying on that arrest warrant. When the officers realized the charges against McCormick had been dismissed, he was released. There is no doubt that swearing to a false affidavit is against the law. See K.S.A. 54-105; K.S.A. 2000 Supp. 21-3805.

The district court found that McCormick could not show that Long's alleged actions resulted in his detention. As a result, the court determined that McCormick could not state a cause of action against Long. These findings by the court go beyond the four corners of McCormick's petition. We believe whether the officers relied on the arrest warrant in detaining McCormick is a factual question which must be resolved in favor of McCormick in ruling upon a motion to dismiss. See *Smith v. State*, 264 Kan. 348, 353, 955 P.2d 1293 (1998).

It is a violation of the Fourth Amendment for a probable cause affiant to knowingly, or with reckless disregard for the truth, include false statements in the affidavit. Similarly, it is a Fourth Amendment violation to knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). To show he suffered a cognizable violation of his constitutional rights, McCormick must satisfy a two-part test: First, he must show that Long knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; second, he must show that such statements or omissions are material, or necessary, to the determination of probable cause. See *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3rd Cir. 1997).

Parenthetically, we note *Franks* and *Sherwood* were search warrant cases, but the analysis in both cases has application to an arrest warrant. See *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996).

McCormick's petition does allege that Long made false statements and omitted exculpatory information in her affidavit. Mc-

Cormick further alleges Long's affidavit was instrumental in the determination of probable cause. We conclude McCormick has alleged a violation of his Fourth Amendment rights.

The remaining question to resolve is whether the law proscribing the swearing to and filing of a false affidavit to procure an arrest warrant was clearly established at the time it allegedly occurred. The holding in *Kalina* leaves no doubt it was clearly established. Thereafter, a prosecutor is to be charged with knowledge that such an act was unreasonable. Long, therefore, is not entitled to qualified immunity. See *Anderson*, 483 U.S. at 639. Our decision recognizes the limited scope of judicial review of pleadings under K.S.A. 60-212(b)(6). We express no opinion as to whether Long may be entitled to qualified immunity after appropriate development of the record. See *Hunter v. Bryant*, 502 U.S. 224, 233-34, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991) (Stevens, J., dissenting).

*State Tort Claims*

McCormick argues the district court improperly dismissed his state tort claims. McCormick set forth a laundry list of torts he allegedly suffered at the hands of Assistant District Attorney Long. The district court did not analyze the claims of each tort in determining McCormick's petition failed to state a course of action. Instead, the district court held Long owed McCormick no legal duty and, in any event, was immune from liability, pursuant to the discretionary function exception to the KTCA. K.S.A. 2000 Supp. 75-6104(e).

We agree with the district court that in performing her legal duties as a prosecutor, there could be no liability to McCormick. Under the public duty doctrine, a law enforcement officer owes a legal duty to the public at large and not to any individual. *Kennedy v. Kansas Dept. of SRS*, 26 Kan. App. 2d 98, 100, 981 P.2d 266 (1999). However, when Long stepped outside her role as a prosecutor and became a complaining witness, the public duty doctrine no longer applied. This conclusion requires that we next consider whether the discretionary function exception under K.S.A. 2000 Supp. 75-6104(e) is applicable.

Under that exception, a governmental employee acting within the scope of employment is not liable for any claim based on his or her exercise of a discretionary function, even if that function is abused. As we have already stated, Long's preparing and filing of the criminal complaint falls well within the discretionary function exception. However, liability is not precluded for any tortious conduct arising out of Long's execution of the probable cause affidavit. In executing the affidavit, Long acted outside her duties as a prosecutor and is not afforded immunity under the KTCA. See *Dougan v. Rossville Drainage Dist.*, 243 Kan. 315, 322-23, 757 P.2d 272 (1988).

## The Claims Against the Commissioners and Hamilton

*The Commissioners*

Courts have consistently refused to hold municipalities liable in § 1983 proceedings under a theory of *respondeat superior.* Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify an official policy or custom that caused his or her injury. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403, 137 L. Ed. 2d 626, 117 S. Ct. 1382, *reh. denied* 520 U.S. 1283 (1997). McCormick has failed to allege any such official policy or custom promulgated by the Board of Shawnee County Commissioners. This reason alone is sufficient to support the district court's dismissal of McCormick's claim against the Board.

However, there is an alternative reason McCormick's petition is fatally deficient. In Kansas, district attorneys are officers of the State. See *Oltremari v. Kansas Social & Rehabilitative Service*, 871 F. Supp. 1331, 1347 (D. Kan. 1994) (citing *State v. Baker*, 249 Kan. 431, 444, 819 P.2d 1173 [1991]). District attorneys are elected officials and are the executive officers of the judicial district they represent. In no event are district attorneys to be deemed an officer of any county. K.S.A. 22a-101(a). A district attorney appoints assistant district attorneys and other office staff and determines their rate of compensation. K.S.A. 22a-106(a). In addition, district attorneys and their agents are considered State employees for purposes of the KTCA. Att'y Gen. Op. No. 87-13. Consequently, the

Commissioners could not be held liable for the actions of an employee of the district attorney's office.

*Hamilton*

Similarly, the district court properly granted Hamilton's motion to dismiss. Courts have been virtually unanimous in holding that a prosecutor enjoys absolute immunity from § 1983 suits for damages when he or she acts within the scope of his or her prosecutorial duties. *Imbler*, 424 U.S. at 420. There is no suggestion in McCormick's petition that Hamilton was not acting within the scope of her duties. Finally, there are no allegations in the petition under which Hamilton could be held liable for any tort committed by Long.

## Conclusion

McCormick's petition fails to state a claim upon which relief can be granted as to the Board of County Commissioners of Shawnee County and District Attorney Joan Hamilton. McCormick's petition does state cognizable claims against Cynthia J. Long.

Affirmed in part, reversed in part, and remanded for further proceedings.