William P. COLLINS, Plaintiff,

v.

Larry McCLAIN, Defendants.

Case No. 02–2123–JWL.

United States District Court,
D. Kansas.

June 10, 2002.

William P. Collins, Overland Park, KS, pro se.

M. J. Willoughby, Office of Atty. Gen., Topeka, KS, for Larry McClain, Bruce Beyes, Paul Morrison, Gary Rulon, Jerry Elliott, Robert Gernon, Robert Lewis, Joseph Perron, Henry Green, Christel Marquardt, David Knudson, Carol Beyer, Lee Johnson, Marshal Whitt, Chuck Elliott, Johnson County District Attorney's Office.

Vance C. Preman, Shawnee Mission, KS, Neysa L. Day, Kansas City, MO, for Crista Collins, Neysa Day.

Stephen S. Brown, Matthew M. Merrill, Niewald, Waldeck & Brown, P.C., Kansas City, MO, for Diane Lund, Stanley Bier.

William Clayton Crawford, Jr., Foland & Wickens, P.C., Kansas City, MO, for Linda Voyles.

Daniel B. Denk, Ryan B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for City of Overland Park, KS, Overland Park Police Dept.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

This is the fourth case filed by plaintiff arising out of his apparent unhappiness with the outcome in state court domestic proceedings. The court dismissed the previous three cases and, by this order, grants the motions to dismiss filed by defendants Crista Collins, Neysa Day, Vance Preman and Linda Voyles (Doc. 11), the City of Overland Park and the Overland Park Police Department (Doc. 12), Diane Lund (Doc. 16), Stanley Bier (Doc. 24), Judge Larry McClain, Judge Pro Tem Bruce Beye, Charles Elliott, Judge Gary Rulon, Judge Jerry Elliott, Judge Robert Gernon, Judge Robert Lewis, Judge Joseph Pierron, Judge Henry Green, Judge Christel Marquardt, Judge David Knudson, Judge Carol Beier and Judge Lee Johnson (Doc. 26), Paul Morrison, the Johnson County District Attorney's Office and Marshall Whitt (Doc. 31). While defendants John Gerstle, Vincent Bates and Richard David have not yet filed a motion to dismiss, they are also dismissed from the case by this order because the court believes that it is "patently obvious" that the plaintiff cannot prevail against these defendants on the facts alleged in the complaint.

● Jurisdiction

A number of the defendants argue that the court lacks subject matter jurisdiction. The court does not agree. In his compliant, plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and alleges that "defendant(s) herein violated his rights under 42 U.S.C.1983." The court construes the complaint as asserting claims under section 1983 against all defendants based on the conduct described in the thirteen page complaint. While many of the allegations in the complaint plainly do not state a claim under section 1983, it is not necessary for the court to decide whether the plaintiff states a valid section

1983 claim in order to hold that the court has subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.") (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

● Immunity

The court has previously dismissed Mr. Collins' claims against state court judges, explaining that judges have absolute immunity in the performance of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' "). Despite this, Mr. Collins again names judges as defendants in this lawsuit and bases the claims on acts taken in the performance of the judges' official duties. Based on the absolute immunity afforded to judges, the following defendants are dismissed from this case: Judge Larry McClain, Judge Pro Tem Bruce Beye, Judge Gary Rulon, Judge Jerry Elliott, Judge Robert Gernon, Judge Robert Lewis, Judge Joseph Pierron, Judge Henry Green, Judge Christel Marquardt, Judge David Knudson, Judge Carol Beier and Judge Lee Johnson.

Plaintiff asserts a claim against Chuck Elliott, a judicial hearing officer, based on conduct in the performance of his administrative function with the court. While the Tenth Circuit has not had occasion to address whether judicial immunity extends to judicial employees, other circuits to consider the issue have uniformly held that judicial immunity extends to judicial employees in the performance of their quasi-judicial functions. *See, e.g., Bush v. Rauch*, 38 F.3d 842, 847–48 (6th Cir.1994); *Sindram v. Suda*, 986 F.2d 1459, 1460–61 (D.C.Cir.1993). This court believes that the Tenth Circuit would agree with the other circuits to consider this issue and, thus, the court dismisses the claim against Chuck Elliott.

The court has also dismissed claims brought by Mr. Collins against prosecutors and explained that "prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Insurance Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Mr. Collins again names Johnson County District Attorney Paul Morrison as a defendant and bases his claim, in part, on Mr. Morrison's refusal to file criminal charges against other named defendants. To the extent that his claim is based on Mr. Morrison's refusal to file criminal claims, plaintiff's claim is dismissed.

This court has previously dismissed a claim by Mr. Collins against the Johnson County District Attorney's Office on the basis of Eleventh Amendment immunity and it does so again by this order. The Eleventh Amendment prohibits federal suits brought by all persons against unconsenting states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 13–15, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). In this case, there is no indication that the State of Kansas has consented to the lawsuit or that Congress has abrogated Eleventh Amendment immunity and, therefore, the state of Kansas is immune. *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir.1992)

("Congress did not intend to abrogate Eleventh Amendment immunity when it enacted the civil rights statute of 42 U.S.C. § 1983."). The Johnson County District Attorney's office, to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment and is dismissed from the case. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir.2000) (noting that governmental entities that function as an arm of the state qualify for Eleventh Amendment immunity); *McCormick v. Board of County Commissioners of Shawnee County*, 28 Kan.App.2d 744, 24 P.3d 739, 746 (2001) ("In Kansas, district attorneys are officers of the State.").

● Failure to state a claim

In order to state a claim under section 1983, a complaint must allege that a defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." The complaint names multiple private citizens as defendants and makes numerous allegations against them which would not impact any rights under the Constitution or laws of the United States even if they were state actors. The complaint does not allege that the private citizen defendants were acting under the color of law or jointly with state officials.

■ The Tenth Circuit "has held that a district court may dismiss sua sponte a pro se complaint for failure to state a claim." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997). Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,*

935 F.2d 1106, 1110 (10th Cir.1991) (summarizing "the procedure and law applicable to the three most common pretrial points at which a district court may dispose of a pro se complaint," including dismissal pursuant to 28 U.S.C. § 1915 "if the plaintiff is proceeding in forma pauperis" and, independently, for failure to state a claim under Rule 12(b)(6), including *sua sponte* dismissal if it is "patently obvious" that the plaintiff can not prevail on the facts). Where a plaintiff files a section 1983 claim against private citizens, *sua sponte* dismissal is appropriate because it is "patently obvious" that the plaintiff can not prevail on the allegations made in the complaint. *Mamer v. Collie Club of America, Inc.,* 2000 WL 1114237, *1 (10th Cir. Aug.8, 2000). The following defendants are hereby dismissed because they are private citizens, as opposed to employees of the State of Kansas, and may not be sued under section 1983: Crista Collins, Neysa Day, Vance Preman, Diane Lund, Vincent Bates, Richard David, Linda Voyles, John Gerstle and Stanely Bier.

■ In *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a local governmental body is not liable under section 1983 "for an injury inflicted solely by its employees or agents," but only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. 2018. The complaint does not allege that any custom or policy of Overland Park inflicted plaintiff's alleged injury. Instead, it appears that Overland Park is named as a defendant based on the alleged failure of Overland Park police to "protect plaintiff's children." Pursuant to *Monell,* Overland

Park is not liable under section 1983 for such a claim and is dismissed from the case. To the extent that the Overland Park Police Department is an entity that may be sued separately from the City of Overland Park, the same limitations on section 1983 liability would apply. The complaint does not allege that any custom or policy of the police department caused plaintiff's alleged injury and, therefore, the Overland Park Police Department is also dismissed from the case.

The remaining claims against District Attorney Paul Morrison are dismissed for failure to state a claim. The complaint alleges that Mr. Morrision telephoned Crista Collins "encouraging her to go for custody of plaintiff's minor children and asking questions regarding the Plaintiff." The complaint also alleges that Mr. Morrision "allowed" Crista Collins to commit perjury in an "ex-parte order and emergency change in custody order" and in a "domestic relation's affidavit" and allowed Crista Collins "to use deception to cause the flight" of plaintiff's children to Ms. Collins. The court is unaware of any right under the Constitution or laws of the United States that would be infringed upon by the alleged conduct of Mr. Morrison in connection with the state court custody order. The plaintiff does not identify any such right in the complaint. Thus, the court concludes that the complaint fails to state a claim under section 1983 and Mr. Morrison is dismissed from the case.

Plaintiff alleges in his complaint that Marshall Whitt, a probation officer with Court Services, left a message on plaintiff's "home recorder ... threatening the plaintiff that he would notify the prosecutor and issue a warrant for the plaintiff's arrest if the plaintiff refuses to obey his demands" and mailed a letter to his home stating the same. Plaintiff alleges that Mr. Whitt knew that his conviction had been reversed by the Kansas Court of Appeals. The court is not aware of any right under the Constitution or laws of the United States that would be violated by the alleged conduct and the plaintiff does not identify such a right in the complaint. Mr. Whitt, therefore, is dismissed from the case.

In the entire complaint, plaintiff fails to make any allegations regarding any defendant which would amount to a violation of plaintiff's right's under the Constitution or laws of the United States. In the opinion of the court, it is patently obvious that plaintiff cannot prevail on the facts alleged and, therefore, the court dismisses the complaint in its entirety on this basis.

IT IS THEREFORE ORDERED that the motions to dismiss filed by defendants Crista Collins, Neysa Day, Vance Preman and Linda Voyles (Doc. 11), the City of Overland Park and the Overland Park Police Department (Doc. 12), Diane Lund (Doc. 16), Stanley Bier (Doc. 24), Judge Larry McClain, Judge Pro Tem Bruce Beye, Charles Elliott, Judge Gary Rulon, Judge Jerry Elliott, Judge Robert Gernon, Judge Robert Lewis, Judge Joseph Pierron, Judge Henry Green, Judge Christel Marquardt, Judge David Knudson, Judge Carol Beier and Judge Lee Johnson (Doc. 26), Paul Morrison, the Johnson County District Attorney's Office and Marshall Whitt (Doc. 31) are granted and defendants John Gerstle, Vincent Bates and Richard David are dismissed by the court *sua sponte.*