**In re Melvin M. MARIN.**

**Melvin M. MARIN, Appellant,**

v.

**William K. SUTER, Clerk, United States Supreme Court, et al., Appellees.**

**Nos. 91–8016, 91–5120.**

United States Court of Appeals, District of Columbia Circuit.

March 3, 1992.

---

340

Melvin M. Marin, pro se.

Before MIKVA, Chief Judge, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Melvin Marin, proceeding *pro se*, appeals the district court's dismissal of his complaint and petition for mandamus relief against the Clerk of the United States Supreme Court (Clerk) and, in addition, petitions for similar mandamus relief here. Marin claims the Clerk erroneously rejected certain of his filings, including a petition· for writ of certiorari and an application to proceed *in forma pauperis,* and seeks mandamus and declaratory relief directing the Clerk to accept his filings and to keep them confidential and affirming that the Rules of the Supreme Court may be challenged in the district court. The district court dismissed Marin's complaint and petition *sua sponte* under 28 U.S.C. § 1915(d), concluding that it lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk. Because we agree with the district court's conclusion, we affirm its dismissal and deny the mandamus petition filed here.

Two other circuits have declined to grant mandamus relief under similar circumstances. In *Borntrager v. Stevas,* 772 F.2d 419 (8th Cir.), *cert. denied,* 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985), the Eighth Circuit affirmed the district court's denial of mandamus against the Clerk on the ground that the petitioner could seek relief from the Supreme Court itself. In *Panko v. Rodak,* 606 F.2d 168 (7th Cir.1979), *cert. denied,* 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980), the Seventh Circuit likewise affirmed denial of mandamus against the Clerk, concluding that the petitioner had not clearly estab-

lished a right to have his papers filed. We reach the same result as our sister circuits but do so on the threshold jurisdictional ground adopted by the district court.*

We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action. The Supreme Court, on the other hand, has inherent supervisory authority over its Clerk. *See Borntrager,* 772 F.2d at 420. *See generally Chambers v. NASCO, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (recognizing that courts possess powers that "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' ") (quoting *Link v. Wabash RR. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). Thus, "it is the right and duty of the [Supreme] Court ... to correct the irregularities of its officer and compel him to perform his duty." *Griffin v. Thompson,* 43 U.S. (2 How.) 244, 257, 11 L.Ed. 253 (1844), *quoted in Borntrager,* 772 F.2d at 420. We believe that this supervisory responsibility is exclusive to the Supreme Court and that neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise. *See Panko,* 606 F.2d at 171 n. 6 ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Accordingly, we affirm the district court's order dismissing Marin's complaint for lack of subject matter jurisdiction and deny his mandamus petition.

*It is so ordered.*

---

* The *Panko court* expressly declined to base its decision on the jurisdictional ground, 606 F.2d

at 171 n. 6, while the *Borntrager* court never expressly addressed the question.