James N. FLEMING, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 93–2002.

United States District Court, District of Columbia.

March 25, 1994.

Robert Mossi Alexander, Arlington, VA, for plaintiff.

Suzanne Claire Nyland, U.S. Atty's Office, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff James N. Fleming is a citizen of Virginia. In this class action complaint, he seeks declaratory, injunctive, and monetary relief from the United States arising from the alleged violation of his constitutional rights by the United States District Court for the Western District of Virginia and the United States Court of Appeals for the Fourth Circuit. The gist of Fleming's complaint is that the application of the "Rooker–Feldman" doctrine,[1] which holds that a United States District Court has no authority to collaterally review a final judgment of a state supreme court in a civil case, is unconstitutional when applied to a black litigant.

This matter comes before the Court on Defendants' motion to dismiss. The motion will be granted.

*Background*

In mid–1970's, Mr. Fleming, a Virginia developer, was involved in a real estate development dispute in his hometown of Charlottesville. As part of the ongoing conflict,

---

1. The doctrine gains its name from the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of* *Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Mr. Fleming placed an advertisement in the University of Virginia newspaper headlined "Racism". The ad stated that one W. Bedford Moore III, a white University professor, opposed Fleming's plans to develop low-cost housing on racial grounds. Moore successfully sued on a libel theory in state court in 1977. The jury initially awarded Moore $10,000 in compensatory damages and $100,000 in punitive damages.

This verdict was reversed by the Supreme Court of Virginia because the trial judge had improperly instructed the jury. *See Fleming v. Moore, sub nom. Gazette, Inc. v. Harris,* 221 Va. 884, 275 S.E.2d 632 (1981). The suit was tried a second time in 1982 and Fleming lost again, this time to the tune of $100,000 in compensatory damages and $250,000 in punitive damages. The Supreme Court of Virginia heard argument on this second verdict and reversed in part and remanded, finding that the amount of the award bore no relationship to the loss actually sustained by the plaintiff. *Fleming v. Moore, sub. nom. Gazette, Inc. v. Harris,* 229 Va. 1, 325 S.E.2d 713 (1985), *cert. denied,* 472 U.S. 1032, 105 S.Ct. 3513, 87 L.Ed.2d 643 (1985). On remand, the trial court entered a remittitur that reduced the award by one-third. Judgment was entered against the plaintiff for $233,333.34. Complaint Appendix J, pp. 181–185.

The Supreme Court of Virginia refused to consider Fleming's further appeals. Fleming followed the appropriate procedures in challenging the Virginia Supreme Court's refusal to hear his appeal by filing a petition for certiorari with the United States Supreme Court. The petition was denied. *Fleming v. Moore, sub nom. Lewis v. Port Packet Corp.,* 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 653 (1985).

Mr. Fleming was unwilling to abide by the U.S. Supreme Court's refusal to hear his appeal. He proceeded to file a Section 1983 complaint in the Western District of Virginia against Moore for an injunction to stop enforcement of the judgment. The Federal District Court dismissed the complaint on the basis that Fleming's "sole remedy in the federal courts is by appeal to the United States Supreme Court." *Fleming v. Moore,*

C/A No. 84–0042–C, slip op. at 1 (W.D.Va. March 29, 1985). Fleming appealed this dismissal to the 4th Circuit. The District Judge's dismissal was upheld by the Court of Appeals which explained that the "appropriate procedure" for attacking the judgement of Virginia's Supreme Court is a petition to the Supreme Court of the United States for certiorari. *Fleming v. Moore,* 780 F.2d 438, 440 (4th Cir.1985). Fleming's attempt to obtain review of this decision in the U.S. Supreme Court was denied. *Fleming v. Moore,* 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986).

In the meantime, Fleming had requested that the Virginia Supreme Court review the judgment against him based on intervening developments in Virginia state law. The Virginia Supreme Court declined to review the matter and Fleming again filed a petition for certiorari in the U.S. Supreme Court. The petition was denied, *Fleming v. Moore,* 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986), as was Fleming's petition for rehearing. *Fleming v. Moore,* 479 U.S. 1012, 107 S.Ct. 660, 93 L.Ed.2d 713 (1986).

Fleming then filed another suit in Federal Court, this time against Moore, his attorneys and the justices of the Virginia Supreme Court who had ruled against him on various appeals. The suit was brought under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986 and 1988, alleging a deprivation of rights under the Thirteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the First Amendment. Fleming claimed that the Virginia Supreme Court was punishing him as a black person for criticizing a white man. He asked the court to permanently enjoin enforcement of the libel judgment and to award him $1,000,000 in compensatory and punitive damages.

The District Court rejected all of Fleming's claims for lack of subject matter jurisdiction. This decision was appealed to the Fourth Circuit Court of Appeals. In a *per curiam* unpublished opinion, the Fourth Circuit affirmed, citing the Rooker–Feldman doctrine:

> Even if we were to assume *arguendo,* in our opinion, that the Virginia Supreme Court was in error in upholding the libel

judgment against Fleming, we would be without jurisdiction to correct the mistake. Neither the district court nor this Court could grant relief to Fleming on any of his claims without deciding that the Virginia Supreme Court wrongly decided the merits of Fleming's state appeal. In effect, Fleming asks us to sit in appellate review of a state's highest court. This we may not do.

In a line of cases stretching over the past 65 years, the Supreme Court has emphasized that federal district courts and federal courts of appeals have no authority to review a final judgment of a state court that has acted in its judicial capacity. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 [103 S.Ct. 1303, 1314, 75 L.Ed.2d 206] (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416 [44 S.Ct. 149, 150, 150, 68 L.Ed. 362] (1923). Only the United States Supreme Court has that power. *Feldman,* 460 U.S. at 482 [103 S.Ct. at 1314]; 28 U.S.C. § 1257.

*Fleming v. Moore,* CA–87–6619 (Slip op. at 5) (4th Cir.1989). Fleming petitioned the United States Supreme Court for certiorari, which was denied. *Fleming v. Moore,* 493 U.S. 816, 110 S.Ct. 67, 107 L.Ed.2d 34 (1989). Fleming asked for rehearing, which was denied. *Fleming v. Moore,* 493 U.S. 985, 110 S.Ct. 521, 107 L.Ed.2d 522 (1989).

Unable to obtain relief in the state courts of the jurisdiction in which he resides, or in the federal courts where he resides, or in the Supreme Court of the United States, Fleming now brings his grievance to the Federal court system in the District of Columbia. Fleming challenges the invocation of the Rooker–Feldman doctrine by the Federal District Court for the Western District of Virginia, and the Fourth Circuit Court of Appeals. Fleming claims the Rooker–Feldman doctrine, as applied to him and a class of all similarly-situated black plaintiffs, violates his Thirteenth and Fourteenth Amendment protections because it prevents him from obtaining access to federal court. Fleming asserts that this Court is somehow vested with the authority to review the decision of the Fourth Circuit Court of Appeals and grant a monetary award, to be paid by the government of the United States.

*Decision*

 No matter how the Plaintiff strives to describe his suit, this case is nothing more than another attempt by plaintiff and his lawyers to collaterally attack in federal court an adverse state libel judgment. The explanation for why such a collateral attack must fail does not require repeating. Until the Supreme Court of the United States says otherwise, the Rooker–Feldman doctrine remains the law of the land. This Court does not have jurisdiction to review the decision of a state supreme court. Neither does this Court have jurisdiction to review a decision by the Fourth circuit Court of Appeals. This case must be dismissed for lack of subject matter jurisdiction.

By filing a complaint in this Court against federal judges who have done nothing more than their duty by applying the law as the U.S. Supreme Court has declared it, Fleming has instituted a meritless action. There is no precedent for such a lawsuit. Rightfully so. The rule urged on this court by Mr. Fleming would make a mockery of the judicial system of this land. It would place the judicial system in a perpetual-motion cycle. No state court judgment would ever be considered final. Having lost in state court, a litigant could immediately sue again in federal court. Then, after losing in federal court (as Mr. Fleming lost in the Western District of Virginia and the 4th Circuit), the litigant could sue in another district. This cannot be the law.

Defendant's motion will be granted and the complaint will be dismissed.