UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 3 2009

Clerk, U.S. District and
Bankruptcy Courts

Mihretu Bulti Dasissa,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Civil Action No.⠀⠀**09 2216**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
United States Supreme Court Office⠀)
of Clerk,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

MEMORANDUM OPINION

This matter is before the court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed for lack of jurisdiction.

Although it is far from clear, it appears that the plaintiff filed this *pro se* complaint because his appeal from a decision of the United States Court of Appeals for the Ninth Circuit was rejected for being out of time. *See* Complaint at 3. The complaint alleges that the Clerk of the Supreme Court infringed the plaintiff's constitutionally guaranteed access to court. *See generally*, Complaint.

The Clerk of the United States Supreme Court is immune from a damages suit for the performance of his job. *See Sindram v. Suda*, 986 F.2d 339 (D.C. Cir. 1992) (*per curiam*) (holding that "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"). Furthermore, this court does not supervise the Clerk of the Supreme Court of the United States , and does not have jurisdiction to order injunctive relief with respect to his actions taken in the performance of his official duties. *See In re Marin*,

956 F.2d 339 (D.C. Cir. 1992) (*per curiam*).  Accordingly, the complaint will be dismissed for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

United States District Judge

Date: 10/27/09