UNITED STATES DISTRICT COURT

**FILED**

MAY 1 4 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Nkusi Theoneste, )
)
)
Plaintiff, )
)
) Civil Action No. **10 0786**
v. )
)
Sewa Singh-Mann, )
)
Defendant. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Arlington, Virginia, sues a resident of Woodbridge, Virginia, for alleged injuries resulting from a car accident in August 1997. Plaintiff attaches to the complaint documents showing that the Superior Court of the District of Columbia has previously dismissed a case apparently arising from the same set of facts. The current complaint does not present a federal question and does not provide a basis for diversity jurisdiction because the parties reside



in the same state. To the extent that plaintiff is seeking review of the Superior Court's dismissal order, this Court lacks jurisdiction to review the decisions of any other court. *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: May ___, 2010