**Eduard LORENZ, Appellant**

v.

**William K. SUTER, Clerk, Supreme Court of the United States, Appellee.**

No. 09–5408.

United States Court of Appeals, District of Columbia Circuit.

June 24, 2010.

Eduard Lorenz, Capron, VA, pro se.

Warden (Capron), Capron, VA, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: SENTELLE, Chief Judge, and TATEL and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplements thereto filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 6, 2009, be affirmed. The district court correctly determined it lacked jurisdiction to order the Supreme Court Clerk to reinstate appellant's petition for writ of certiorari or to take any other action. *See Marin v. Suter,* 956 F.2d 339 (D.C.Cir.1992) (per curiam). Moreover, the Clerk has absolute immunity from damage suits for performance of tasks that are an integral part of the judicial process. *See Sindram v. Suda,* 986 F.2d 1459, 1460 (D.C.Cir. 1993) (per curiam). Appellant alleges his petition for writ of certiorari was "instituted to obtain his liberty from his unlawful incarceration by the Virginia Parole Board's violation of federal and state constitutional and statutory laws and case law." The appropriate procedure for presenting such claims is an application for a writ of habeas corpus filed under 28 U.S.C. § 2254, in the federal district court where appellant is incarcerated. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.