UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Amun Ra Clark Bey,                    )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    Civil Action No.    13 0149
                                      )
State of Maryland *et al.*,           )
                                      )
        Defendants.                   )
                                      )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a Maryland resident, sues the State of Maryland, the District Court of Maryland for Prince George's County, high-level Maryland officials, judicial officers, and a county police officer. *See* Compl. Caption. Plaintiff "demands [a] Writ of Prohibition to void judgment made by State of Maryland, Prince George's County Circuit Court or any other court in the State of Maryland, Incorporated." Compl. at 1; *see id.* at 15 ("This action seeks the Court to issue a Writ of Prohibition compelling Lawrence V. Hill, Jr., Chief Magistrate Judge Ben C. Clyburn . . . and any other court appointed judge to honor the Default Judgment."). Except for those statements, the complaint makes little sense.

1

Jurisdiction is wanting because a federal district court is not a reviewing court and, thus, lacks subject matter jurisdiction to review the decisions of a state court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). In addition, the complaint is "patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). A separate order of dismissal accompanies this Memorandum Opinion.

Date: January 25, 2013

United States District Judge