FILED

MAR 2 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Earl Wattleton,               )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No. **13 0375**
                                    )
Eric Holder, United States Attorney General,)
                                    )
                                    )
            Defendant.              )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is an individual civilly committed pursuant to 18 US.C. § 4243 at the Federal Medical Center in Rochester, Minnesota. *See* Compl. at 2. In a document captioned: "Emergency Application for Expedited Mandatory Preliminary Injunction," which is construed as a complaint, plaintiff "alleges that the term 'writ of habeas corpus, as used in Section 4243(g) of Title 18 U.S.C. is unconstitutionally vague." Compl. at 1. He seeks an order "enjoining the defendants to clarify what is meant by the term . . ., strike the statute down or severe [sic] the offending language and enjoin against the enforcement of the successive petition authorization requirement of 28 U.S.C. § 2244(b)(3)(A) . . . ." *Id.*

The Court assumes that plaintiff is referring to 18 U.S.C. § 4247(g), which states: "Nothing contained in section 4243 . . . precludes a person who is committed . . . from

1

establishing by writ of habeas corpus the illegality of his detention." *Id.* There is nothing vague about that language. To the extent that petitioner is challenging a court's decision barring him from filing a successive habeas petition, *see* 28 U.S.C. § 2244, this Court is not a reviewing court and, thus, lacks jurisdiction over such a claim. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: March 20 , 2013

2