**FILED**

DEC 17 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre Williams,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action No. 14-1731 (UNA)
                                         )
Kem Thompson Frost,                      )
                                         )
        Defendant.                       )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed an action styled "Complaint for Declaratory

Judgment with Remedial Actions to Redress Injury," along with an application to proceed *in*

*forma pauperis*. The Court will grant the application and dismiss the case for lack of subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time"

the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a Texas state prisoner suing the Chief Justice of the Texas Fourteenth District

Court of Appeals for alleged acts taken "as and for the 14[th] Court of Appeals, Houston, Texas."

Compl., ECF p. 3. The prolix complaint is difficult to follow but plaintiff states that he "has

spent 12 years suffering in prison as a result of a wrongful conviction and seeks only a full and

fair appeal hearing to demonstrate his claim." *Id.*, ECF p. 17.

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not

bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C.

Cir. 1996) (per curiam) (citations omitted). Rather, relief from a state court judgment must be

pursued under 28 U.S.C. § 2254 in an appropriate federal court designated by 28 U.S.C. § 2241

(d). The latter provision provides no recourse for plaintiff in this Court. In addition, "[t]his

1

Court does not have jurisdiction to review the decision of a state supreme court." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: December **12**, 2014      United States District Judge

2