# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CHARLES LEE GILLENWATER**, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-cv-495 (TSC) |
| **SCOTT S. HARRIS**, *Clerk of the Supreme Court*; **MICHELLE MARSHALL**, *Clerk of the Supreme Court*; and **UNITED STATES OF AMERICA**, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Charles Lee Gillenwater brings this action: 1) seeking to compel the Clerk of the United States Supreme Court ("Clerk") to accept Plaintiff's filings; and 2) seeking a declaratory judgement that a statute and rule governing filings in the Supreme Court are unconstitutional.  For the reasons set forth below, the court will DISMISS this action for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction). [1]

---

[1] Shortly after filing this action, Plaintiff filed four motions: 1) a motion requesting a CM/ECF password; 2) a "Motion for the Court to Certify the Constitutional Challenge to Statute"; 3) a Motion to Recuse; and 4) a motion preemptively objecting to a request for an extension of time in which to respond to the Complaint.  (ECF Nos. 2, 3, 5, 7).  Because the Plaintiff has not asserted any reasons to justify recusal or disqualification, the court will deny Plaintiff's motions.  *See* 28 U.S.C. § 455(b) (setting forth specific requirements for recusal); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")

Plaintiff's claims arise from his petition for writ of certiorari to the Supreme Court that was postmarked February 8, 2016, but returned by the Clerk as untimely. (Compl. at p. 8). According to the correspondence accompanying the returned petition, Plaintiff's petition was due on or before December 9, 2015. (*Id.*) (citing S. Ct. Rule 13.1 (petition for writ of certiorari to review a judgment is timely when filed within 90 days after entry of the judgment); S. Ct. Rule 29.2 (a document is timely filed if it was, *inter* alia, postmarked by the last day for filing); S. Ct. Rule 30.1 (computation of time)). Because the petition was late, the Clerk returned the Plaintiff's filing fee and explained that the "Court no longer ha[d] the power to review the petition." (Compl. p. 8).

Plaintiff alleges that Supreme Court Rule 13.2 and 28 U.S.C. § 2101(c) are unconstitutional. Rule 13.2 provides that the "[t]he Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time. *See*, *e. g.*, 28 U. S. C. § 2101(c)." 28 U.S.C. Section 2101 provides that certain appeals and petitions for writ of certiorari "shall be taken or applied for within ninety days after the entry of . . . judgment." Plaintiff argues that these rules are unconstitutional because "the right to appeal cannot be given an arbitrary shelf life." (Compl. p. 5). He further argues that the Equal Protection clause "demands that anyone, under any circumstances, must be permitted to file an appeal, if anyone else, under any circumstances is permitted to file an appeal." (*Id.*) Finally, he asserts that he has been deprived of a "[l]ife, [l]iberty or [p]roperty interest" because the Clerk rejected the petition. (Compl. p. 5)

The precedent in this Circuit is clear that federal district courts "lack[] jurisdiction to review decisions of the United States Supreme Court, including those of its Clerk of Court." *Miller v. Harris*, 599 F. App'x 1 (D.C. Cir. 2015) (citing *In re Marin,* 956 F.2d 339, 340 (D.C. Cir.1992)). In a case similar to this one, *Miller v. Harris*, Civil Action No. 14-1330-UNA (D.D.C. Aug. 5, 2014),

the plaintiff alleged that the Clerk of the Supreme Court violated plaintiff's constitutional rights by rejecting his petition for writ of habeas corpus on the grounds that the petition was deficient under several rules of the Supreme Court. (*Id.* at ECF No. 1, Compl. pp. 1, 6-7). The district court dismissed the complaint *sua sponte* for lack of jurisdiction, <u>Miller v. Harris</u>, Civil Action No. 14-1330, 2014 WL 3883280 (D.D.C. Aug. 5, 2014), and the Court of Appeals affirmed, relying on *In re Marin*. *Miller*, 599 F. App'x 1 (*citing Marin*, 956 F.2d at 340).

In the latter case, *In re Marin*, the plaintiff also challenged the Clerk of the Court for refusing to accept a petition for writ of certiorari and other filings. 956 F.2d at 340. Rejecting the plaintiff's challenge, the Court of Appeals explained:

> <u>We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action</u>. The Supreme Court, on the other hand, has inherent supervisory authority over its Clerk. *See Borntrager,* 772 F.2d at 420. *See generally Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (recognizing that courts possess powers that "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' ") (quoting *Link v. Wabash RR. Co.,* 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)). Thus, "it is the right and duty of the [Supreme] Court . . . to correct the irregularities of its officer and compel him to perform his duty." *Griffin v. Thompson,* 43 U.S. (2 How.) 244, 257, 11 L. Ed. 253 (1844), *quoted in Borntrager,* 772 F.2d at 420. We believe that this supervisory responsibility is exclusive to the Supreme Court and that neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise. *See Panko,* 606 F.2d at 171 n. 6 ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Accordingly, we affirm the district court's order dismissing Marin's complaint for lack of subject matter jurisdiction and deny his mandamus petition.

*In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (emphasis added) (alterations in original). Like the plaintiff in *Marin*, the Plaintiff here asks the undersigned to "compel the Clerk of the Supreme Court to take an[] action," and like the court in *Marin*, the undersigned is without jurisdiction to do so. *See id*.

Additionally, even if the undersigned had jurisdiction to consider this action, there are no facts in the Complaint that would support an equal protection claim. *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 541 (D.C. Cir. 2015)(setting forth the requirements for an equal protection challenge). Finally, to the extent Plaintiff contends he has been deprived of a constitutionally protected interest, "the Supreme Court has conclusively held that 'there is, of course, no constitutional right to an appeal.'" *Clements v. Gonzales*, 496 F. Supp. 2d 70, 75 (D.D.C. 2007), *aff'd sub nom. Clements v. Mukasey*, No. 08-5065, 2008 WL 4898961 (D.C. Cir. July 11, 2008) (discussing Supreme Court rule that petitions for writs of certiorari and mandamus are "not a matter of right, but of judicial discretion") (citing *Jones v. Barnes,* 463 U.S. 745 (1983)).

While the court acknowledges that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), for the reasons set forth above, the court finds that dismissal of this action is appropriate.

Date: April 12, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge