**Verla WILEY, Appellant**

v.

**Robert Leon WILKINS, in his Official and Individual capacity as a U.S. District Court Judge, Appellee**

No. 15-5347

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed: 05/24/2016

Rehearing En Banc Denied July 14, 2016.

BEFORE: Tatel and Pillard, Circuit Judges; Ginsburg, Senior Circuit Judge

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's orders filed September 29, 2015, and December 2, 2015, be affirmed. The district court properly concluded that it lacked subject-matter jurisdiction because it cannot review decisions made by another District Judge, and because appellant's claims were patently frivolous. See *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (federal courts lack subject-matter jurisdiction to hear claims that are "constitutionally insubstantial," such as claims that are "essentially fictitious, wholly insubstantial, obviously frivolous, [or] obviously without merit") (internal quotations and citations omitted); see also *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (judges acting in their judicial capacity are immune from suit, even when such acts are alleged to be in excess of authority, malicious or corrupt); *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006). Further, the district court did not abuse its discretion in denying appellant's motion for relief from judgment under Fed. R. Civ. P. 60(b)(3). See *Summers v. Howard Univ.*, 374 F.3d 118, 192 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.