# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-5188**

**September Term, 2020**

**1:20-cv-01281-UNA**

**Filed On:** October 20, 2020

Andrew U.D. Straw, Esquire,

      Appellant

  v.

Scott S. Harris, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Henderson, Tatel, and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and notices filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 16, 2020 be affirmed. The district court properly dismissed the case for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction. See 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). The district court correctly held that the individual appellees are entitled to absolute immunity from appellant's claims for damages. See Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam). To the extent appellant also sought declaratory relief against those individuals, the district court lacked authority to grant such relief. See In re Marin, 956 F.3d 339, 340 (D.C. Cir. 1992) (per curiam). The district court also properly dismissed for lack of subject-matter jurisdiction appellant's claims against the United States for monetary damages under the Federal Tort Claims Act ("FTCA"), because appellant failed to demonstrate that he exhausted his administrative remedies prior to filing suit. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112-13 (1993); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997). Further, even assuming appellant could cure this defect by filing an amended complaint upon exhausting his administrative remedies, his motion for leave to amend was properly denied as futile, because his claims against the United States were based solely on constitutional violations, which are barred by sovereign immunity. See FDIC v. Meyer, 510 U.S. 471,

478 (1994) (holding that the United States "has not rendered itself liable under [the FTCA] for constitutional tort claims").

Moreover, contrary to appellant's contention, the district court did not err in dismissing the case sua sponte.  See 28 U.S.C. § 1915(e)(2)(B)(ii) (court shall dismiss a case filed in forma pauperis at any time if the court determines that it fails to state a claim); Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction); see also Network IP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008); Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726-27 (D.C. Cir. 1990).  Additionally, the district court's dismissal order was not barred by the doctrine of res judicata.  See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009).  Finally, appellant has forfeited any challenge to the transfer order and denial of his motion to transfer venue. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).  And because the district court correctly dismissed the case, it properly denied appellant's remaining motions for service of process and for summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk