# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HARRY NIE,                  )
                                )

        Plaintiff,         )
                                )

        v.                )      Civil Action No. 1:22-cv-02375 (UNA)
                                )

REBECCA BEACH SMITH, et al.,    )
                                )

        Defendants.     )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1, and a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and the complaint and this action will be dismissed.

Plaintiff, a state inmate currently designated to Coffeewood Correctional Center, located in Mitchells, Virginia, sues several Judges from the United States District Court for the Eastern District of Virginia and the United States Court of Appeals for the Fourth Circuit. The prolix complaint totals 86 pages and is difficult to follow, but it is clear that plaintiff takes issue with determinations made by these Judges in various cases and contends that the outcomes of those proceedings were the result of alleged widespread judicial fraud.

First, this court lacks subject matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts")

(citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Second, a court is immune from suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Accordingly, this case is dismissed. A separate order accompanies this memorandum opinion.


DATE: October 24, 2022　　　　　　　　　_____ s/s_____
　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge