# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY LAMAR BRAXTON, )
)
      Plaintiff, )
)
    v. )    Civil Action No.  1:23-cv-00539 (UNA)
)
)
DISTRICT OF COLUMBIA, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and *pro se* complaint, ECF No. 1.  For the reasons explained herein, the IFP application will be granted and the complaint will be dismissed.

Plaintiff, who has been, for some time, incarcerated at the D.C. Central Detention Facility ("CDF"), sues the District of Columbia, and CDF and several of its staff, for alleged violations of his constitutional rights.  He alleges that CDF staff have, since 2021, mistreated him, abused him, withheld food from him, and retaliated against him, on at least five occasions.  He also complains about the purported delays that both the Superior Court for the District of Columbia and the District of Columbia Court of Appeals have allegedly caused in his ongoing proceedings before those courts.  He demands $20 million in damages and seeks a transfer to another facility.

First, as a general rule, applicable here, this court lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court.  *Richardson v. District of Columbia Court of Appeals,* 83 F.3d 1513, 1514 (D.C. Cir. 1996) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416

(1923)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (same). Such is the province of the D.C. Court of Appeals, a fact which plaintiff seems to acknowledge.

Similarly, "a federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). This is such an action.

Before filing the instant matter, plaintiff recently filed three cases that are still ongoing in Superior Court, in which he raises substantially similar if not identical claims and issues as those raised herein. *See Braxton v. CTF, D.O.C.*, No. 2022-CAB-005275 (filed Nov. 1, 2022); *Braxton v. District of Columbia*, No. 2023-CAB-001048 (filed Jan. 31, 2023); *Braxton v. District of Columbia*, No. 2023-CAB-001050 (filed Feb. 6, 2023). "He may raise . . . any other constitutional claim he believes he has—in the Superior Court; if he is dissatisfied, he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States." *Lewis v. Senior Judges*, 75 F. Supp. 3d 201, 203–04 (D.D.C. 2014) (collecting cases); *see Williams v. Warden-CDF*, 538 F. Supp. 2d 74, 77 (D.D.C. 2008) (finding that plaintiff's constitutional claims against CDF and its staff were "challenges that" should be "properly resolved in the [ongoing] Superior Court trial proceedings."); *Moorman v. U.S. Bank, NA*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. Jul. 10, 2010) (holding that, "in the interests of comity," the court would "not intervene in a case pending before the Superior Court. Plaintiff's immediate recourse [was] with the Superior Court and its reviewing court, the Court of Appeals for the District of Columbia.").

"In addition, none of the claims present an 'exceptional circumstance of peculiar urgency' that justifies federal intervention." *Williams*, 538 F. Supp. 2d at 77 (quoting *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925)). "Justice is, therefore, best served by this court respecting comity and allowing the [plaintiff] to present the merits of the case to the Superior Court for resolution." *Id*. at 77–78; *see Farmer Celey v. App. Ct. of D.C. Judges*, No. 09 0429, 2009 WL 581476, at *2 (D.D.C. Mar. 5, 2009) ("Thus, although this action was nominally brought under § 1983 for alleged constitutional violations, it appears that the complaint really intends to ask this court to intervene in a[n] ongoing "state" court proceedings and to direct orders to the courts of the District of Columbia. Supervising the courts of the District of Columbia is not a matter that falls within this court's subject matter jurisdiction.").

And despite plaintiff's contentions, this court is also prohibited from interfering in his appeal pending before the D.C. Court of Appeals. *See Braxton v. D.C. Jail-CDF*, No. 021-CA-004951-B (filed Dec. 17, 2021), at Notice of Appeal (filed Mar. 6, 2023). It would be improper for this court to entertain claims and issues pending before the D.C. Court of Appeals, and plaintiff may not otherwise attempt to file a dueling appeal in this District. *See Farmer-Celey*, 2009 WL 581476, at *1 (declining to intervene in matters proceeding before the District of Columbia Court of Appeals).

For these reasons, the court will grant the application to proceed IFP, ECF No. 2, and dismiss the complaint, ECF No. 1, without prejudice. A separate order accompanies this memorandum opinion.

Date: April 5, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge