## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ERIC PAYNE,                                    )
                                               )
        Plaintiff,                    )
                                               )
        v.                            )      Civil Action No. 1:23-cv-00269 (UNA)
                                               )
BRIAN KASS, *et al.*,                          )
                                               )
        Defendants.                   )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* complaint ("Compl."), ECF No. 1. The court grants the application and, for the reasons discussed below, dismisses the complaint in its entirety.

Plaintiff, a resident of Maryland, sues an attorney and his law firm, both located in the District of Columbia. Compl. at 1. The complaint's factual allegations focus squarely on a probate matter and its proceedings in the Superior Court of the District of Columbia. *See id.* at 1–3. It appears that plaintiff was a ward subject to a guardianship and conservatorship overseen by the Superior Court, and that defendants either served as plaintiff's guardian, conservator, and/or personal representative in the matter. *See id.* After plaintiff "regained capacity," the guardianship and conservatorship were formally terminated in October 2014, but there remained unresolved financial issues arising from the final accounting. *See id.* at 2–3. More specifically, per the Superior Court documents attached to plaintiff's complaint, the conservator claimed, and the Superior Court agreed, that he was owed $175,306.65 after the ward, presumably plaintiff, prematurely obtained unauthorized access to the restricted financial account and withdrew funds. *See id.* Plaintiff seems to mistakenly interpret these court documents to mean that he, and not the conservator, is entitled to this outstanding sum, and he seeks reimbursement of same pursuant to

the Superior Court's order. *See id*. at 1. He also alleges that defendants overcharged him, though it is unclear what connection, if any, that allegation has to do with the outstanding arrears. *See id*. Regardless, as presented, this court cannot exercise subject matter jurisdiction over plaintiff's claims, as far as they can be understood.

Federal courts cannot exercise subject matter jurisdiction over probate actions, as such matters generally subsist in the purview of state courts, *see Marshall v. Marshall*, 547 U.S. 293, 494 (2006), with limited exceptions inapplicable here, *see Lewis v. Parker*, 67 F. Supp. 3d 189, 194 n.2 (D.D.C. 2014) (quoting *Marshall*, 547 U.S. at 311). Moreover, a federal district court may neither review judicial decisions by District of Columbia local courts nor interfere in their proceedings. *See Richardson v. Dist. of Columbia Ct. of Apps.*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *Melton v. Dist. of Columbia*, 46 F. Supp. 3d 22, 25–26 (D.D.C. 2014) (relying on *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing *Dist. of Columbia Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)); *see also Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction); *Cartner v. Davis*, 988 F. Supp. 2d 33, 36 (D.D.C. 2013) (finding that "[w]ithout first allowing the state courts a chance to hear" guardianship-related issue, "this Court may not hear the claim.") (quoting *Rhines v. Weber*, 544 U.S. 269, 274 (2005)) (internal quotation marks omitted). In other words, to whatever extent plaintiff seeks to compel action arising from the Superior Court's order in his probate matter, he must file for such relief in the Superior Court in that existing action.

For these reasons, this action will be dismissed without prejudice for want of jurisdiction.

A separate order accompanies this memorandum opinion.


Date:   April 14, 2023


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge