# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5138**                    **September Term, 2024**

**1:23-cv-03929-UNA**

**Filed On:** February 20, 2025

William Michael Windsor,

      Appellant

    v.

Scott S. Harris and Rashonda Garner,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed April 15, 2024, be affirmed. The district court correctly concluded that it lacks authority to compel the Supreme Court or its Clerk's Office to take any action. See In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (stating that the Supreme Court has "exclusive" supervisory responsibility over its Clerk, and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise"). The district court also correctly concluded that the Supreme Court Clerk and Clerk's Office staff are immune from appellant's suit for damages. See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("[C]lerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.").

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 24-5138             September Term, 2024

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## Per Curiam

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
     Daniel J. Reidy
     Deputy Clerk