# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5048**                                            **September Term, 2024**

**1:24-cv-02833-UNA**

**Filed On:** July 25, 2025

Jason Paul Chester,

       Appellant

    v.

United States of America,

       Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's January 6, 2025 order dismissing appellant's complaint without prejudice be affirmed. The district court correctly concluded that it lacked authority to review the actions of the Supreme Court Clerk with respect to receiving and reviewing appellant's submissions to the Supreme Court. See In re Marin, 956 F. 2d 339, 340 (D.C. Cir. 1992) (per curiam) (concluding that district courts "lack[] subject matter jurisdiction to review any decision of the Supreme Court or its Clerk," and that "supervisory responsibility [over the Supreme Court Clerk] is exclusive to the Supreme Court and [] neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise."). The district court also correctly concluded that the criminal statutes on which appellant's claims were based provide no private cause of action for damages. See 18 U.S.C. §§ 1702, 3771(d)(6); see also Lee v. U.S. Agency for Int'l Dev., 859 F.3d 74, 77 (D.C. Cir. 2017) (criminal statutes rarely create private causes of action). Finally, appellant's contentions that the district court was biased against him and that the Federal Tort Claims Act authorized his claims lack merit, as do the remainder of his arguments.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5048**                    **September Term, 2024**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk