# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 24-5283

September Term, 2025

1:24-cv-01425-UNA

**Filed On:** December 29, 2025

Delgen Foye,

      Appellant

      v.

Scott S. Harris, et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Wilkins, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. <u>See</u> Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to appoint counsel, the motion to proceed in forma pauperis, and the motion for other relief, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to proceed in forma pauperis be dismissed as moot because the district court already granted leave to proceed in forma pauperis. It is

**FURTHER ORDERED** that the motion for other relief be denied. Appellant has not shown that he is entitled to reimbursement of docketing and filing fees associated with the case he filed in the United States District Court for the Eastern District of North Carolina. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 15, 2024 order dismissing the case be affirmed. While it is unclear what type of relief appellant seeks against the Supreme Court and its Clerk and Deputy Clerk, those

defendants are immune from suits for damages, see Sindram v. Suda, 986 F.2d 1459, 1460–61 (D.C. Cir. 1993) (per curiam), and the district court correctly concluded that it lacked jurisdiction to grant equitable relief against those defendants, see In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).  And appellant does not address in his brief, and has therefore forfeited any challenge to, the district court's dismissal of his remaining claims.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

        Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk