**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00466 (UNA) |
| | ) | |
| HENDERSON, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus, ECF No. 1, and his Application for Leave to Proceed in forma pauperis ("IFP"), ECF No. 2. Upon review, Petitioner's IFP Application is granted, and for the reasons explained below, his Petition, at this case, are dismissed without prejudice.

Petitioner is a federal prisoner currently designated to FMC Devens in Massachusetts, and he sues several federal judges of the U.S. Court of Appeals for the D.C. Circuit, FMC Devens, an unnamed mailroom supervisor at FMC Devens, and the warden at FMC Devens. Contact information is not provided for any of the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1).

Although the Petition is not a model of clarity, it appears that Petitioner is aggrieved that he never received a copy of a decision issued by the D.C. Circuit in *Lettieri v. Federal Marshals*, No. 24-5238, ostensibly the judgment affirming the District Court's dismissal of a previous lawsuit, *see id.* at Per Curiam Judgment (Apr. 7, 2025); Mandate (May 30, 2025); *see also Lettieri v. Federal Marshals*, No. 24-cv-00029 (UNA) (D.D.C. filed Jan. 2, 2024), at Memorandum Opinion (Apr. 17, 2024) (dismissing for failure to comply with Federal Rule 8(a)), ECF No. 4;

Dismissal Order (Apr. 17, 2024), ECF No. 5.  Petitioner contends that his lack of receipt constitutes a violation of his civil rights, and as a result, he asks this Court to issue a writ of habeas corpus vacating the judgments entered in that matter.

Petitioner, however, cannot ask this Court to vacate or otherwise revisit actions taken by the D.C. Circuit, because this Court bears no such jurisdiction.  *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Similarly, insofar as Petitioner challenges any decision made by the District Court in his prior litigation, a federal court generally "cannot review decisions made by another District Judge." *Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see also, e.g.*, 28 U.S.C. §§ 1331–1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam).

Accordingly, Petitioner cannot bring this effective challenge to  the actions of other federal courts, and if he seeks copies of documents from his previous cases, he may simply request that the Clerk of the appropriate court send him courtesy copies of same.  For these reasons, this action

is dismissed without prejudice for want of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  A separate

Order accompanies this Memorandum Opinion.


DATE: May 15, 2026                           /s/ CHRISTOPHER R. COOPER
                                               United States District Judge