**Michael SINDRAM, Appellant,**

v.

**John H. SUDA; Paul R. Webber, III; Oliver P. Corbin; Edward Jenkins; Everett O'Quinn; Frederick B. Beane, Jr. (Two Cases).**

Nos. 92–7156, 92–7200.

United States Court of Appeals, District of Columbia Circuit.

March 16, 1993.

Rehearing En Banc Denied April 7, 1993.

Michael Sindram, pro se, was on the oppositions to the motions for summary affirmance.

John Adolphus Payton, Corp. Counsel, Lutz A. Prager, Deputy Corp. Counsel, and Charles L. Reischel, Asst. Deputy Corp. Counsel, were on the motions for summary affirmance, for appellees.

Before: MIKVA, Chief Judge; WILLIAMS and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTIONS FOR SUMMARY AFFIRMANCE

PER CURIAM:

Appellant Michael Sindram, a frequent filer in the courts of the District of Columbia, sued in the United States District Court seeking compensatory and punitive damages from two judges and several clerks of the D.C. Superior Court. The district court dismissed the complaint as frivolous and malicious and denied as moot his postjudgment motion to reinstate his claims, which was filed two months after the dismissal. In dismissing the complaint, the court relied on the doctrine of absolute judicial immunity, noting cases from other circuits applying the doctrine to judicial clerks as well as judges. We affirm.

Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction. See *Mireles v. Waco*, —— U.S. ——, ——, 112 S.Ct. 286, 287–88, 116 L.Ed.2d 9 (1991), and cases cited therein. The actions about which Sindram complains—imposing sanctions for falsifying affidavits in support of *in forma pauperis* petitions and prohibiting Sindram from filing any new civil actions *pro se* before paying the sanctions— were well within the judges' judicial capacity and jurisdiction as the Court in *Mireles* defines them.

Although this circuit has never addressed the question, we now adopt the holding of numerous other circuits that clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.

See, e.g., *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir.1987); *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). These courts have concluded that the same policies underlying immunity for judges also justify a similar grant to those performing tasks intimately related to the judicial process. Suits against clerks for damages, like those against judges, are generally not necessary to control unconstitutional conduct in light of the numerous safeguards that are "built into the judicial process," especially the "correctability of error on appeal." *Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978); see also *Buckley v. Fitzsimmons,* 919 F.2d 1230, 1241 (7th Cir.1990) (quoting *Butz* and stating that "[i]f suits were the only way to impress prosecutors with the gravity of [the costs they inflict on others], damages could be a necessary evil ... [but] [c]ourts can curtail the costs of prosecutorial blunders without the need for damages"). Furthermore, if immunity were not extended to clerks, courts would face the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts." See *Dellenbach v. Letsinger,* 889 F.2d 755, 763 (7th Cir.1989) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.1989) ); *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir.1980).

■ Although some courts have held that clerks are not entitled to absolute immunity for performance of nondiscretionary, "ministerial" functions, see *Lowe v. Letsinger,* 772 F.2d 308, 313 (7th Cir.1985), or for actions that are not required by court order or judge's direction, *Williams v. Wood,* 612 F.2d 982, 985 (5th Cir.1980), we agree with the Sixth Circuit that "[w]hether an act is judicial in character does not depend on whether it is discretionary." *Foster,* 864 F.2d at 417. Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral part[s] of the judicial function," unless

those acts are done "in the clear absence of all jurisdiction." *Mullis,* 828 F.2d at 1390; see *Dellenbach,* 889 F.2d at 763. This formulation, paralleling the Supreme Court's definition of the scope of judges' absolute immunity, enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high.

■ The acts of the court clerks about which Sindram is complaining, in so far as the complaint states them intelligibly—their "[a]ssistance in preparing and dissemination of" the opinion of one of the defendant judges; their directing plaintiff's causes of action to the defendant judges; and their "institut[ing] an erroneous order against Plaintiff barring his access to the court"—are indisputably "integral parts of the judicial process" and are within their jurisdiction. For these reasons, the district court's dismissal of Sindram's complaint against both judges and clerks as frivolous and malicious was correct.

Furthermore, Sindram's motion to reinstate his claims was not served within ten days of the dismissal and therefore was timely only if treated as a Fed.R.Civ.P. 60(b) motion. See *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). Because the motion, which simply protests the dismissal of the complaint without a hearing and complains that the district court was biased, meets none of the requirements for a motion under Rule 60(b) (e.g., alleging fraud, mistake, or newly discovered evidence), the district court did not abuse its discretion in denying the motion.

The decision of the district court is therefore

*Affirmed.*