26 F.3d 1186
 307 U.S.App.D.C. 122
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jibril L. IBRAHIM, a/k/a Grant Anderson, Appellant,
v.
UNITED STATES of America, et al.
 No. 93-5229.
 United States Court of Appeals, District of Columbia Circuit.
 June 8, 1994.
 
 Before: MIKVA, Chief Judge; EDWARDS and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's orders filed April 12 and June 16, 1993 be affirmed. The district court did not err in dismissing appellant's complaint, or in denying his motion to reconsider the dismissal. The district court correctly concluded that appellant could not point to any sovereign immunity waiver that would permit him to maintain his damages claim against the United States. Moreover, to the extent that appellant claimed an interest in having the United States investigate his claims against judges and court employees, his claim is without basis in law. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the investigation or prosecution of another). Appellant's damages claim against district court judges and court personnel is barred by the doctrine of absolute judicial immunity, which protects judges and court personnel from liability for all actions taken within the scope of their jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). See also Sindram v. Suda, 986 F.2d 1459, 1460 (D.C.Cir.1993) ("[C]lerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.").
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.