**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7769

EDDIE THOMAS JACKSON,

Plaintiff - Appellant,

versus

WESTON HOUCK, The Honorable, United States
District Judge in his individual and
non-judicial capacity; TIMOTHY DARGAN, Law
Clerk in his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson. Margaret B. Seymour, District Judge.
(CA-05-1412-8-MBS)

Submitted: February 16, 2006      Decided: May 17, 2006

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eddie Thomas Jackson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eddie Thomas Jackson appeals the district court's judgment adopting the magistrate judge's report and recommendation and summarily dismissing his civil rights complaint. We have reviewed the record and the district court's opinion and affirm for the reasons stated by the district court. See Jackson v. Houck, No. CA-05-1412-8-MBS (D.S.C. Oct. 28, 2005). We are confident that Judge Houck himself determined that Jackson's Rule 60(b) motion was moot and simply directed his law clerk to have the judge's decision noted on the docket maintained in the case.

We also find both Judge Houck and his law clerk are immune from suit. With respect to Judge Houck, judicial immunity attaches even if the act in question was in excess of his authority. See Mireles v. Waco, 502 U.S. 9, 12-13 (1991). Likewise, law clerks like Dargan are also entitled to absolute judicial immunity "when assisting the judge in carrying out the former's judicial functions." Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991); see also Oliva v. Heller, 839 F.2d 37, 40 (2d Cir. 1988). Absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (internal quotation marks omitted). This formulation "enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high." Id. An

action for damages against a clerk is "not necessary to control unconstitutional conduct in light of the numerous safeguards that are built into the judicial process, especially the correctability of error on appeal."[*] Id. (internal quotation marks omitted).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Insofar as Jackson may be claiming Judge Houck and Dargan were negligent, he is not entitled to relief under 42 U.S.C. § 1983 (2000). Pink v. Lester, 52 F.3d 73, 74-75 (4th Cir. 1995).