FILED

APR 17 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID E. HILL,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )         Civil Action No.  *14-642*
                                        )
RUDOLPH CONTRERAS, *et al.*,            )
                                        )
            Defendants.                 )
                                        )

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the plaintiff's application and dismiss the complaint in its entirety.

The plaintiff's prior lawsuit was dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) because the defendant federal judges were absolutely immune from suit for monetary damages, and the United States Court of Appeals for the District of Columbia Circuit affirmed the decision. *See Hill v. Traxler*, No. 13-1307, 2013 WL 4580456 (D.D.C. July 9, 2013), *aff'd*, __ F. App'x __, 2013 WL 7022180 (D.C. Cir. Dec. 27, 2013) (per curiam). According to the plaintiff, the district court judge to whom the case was assigned and an unidentified deputy Clerk of Court "failed to provide [him] with advanced written notice of the September 9, 2013 decision" granting his motion to proceed *in forma pauperis* on appeal "prior to the [District of Columbia Circuit's] December 13, 2013 decision" to assess a filing fee. Compl. ¶ 11. He has alleged that the District of Columbia Circuit "disposed of the appeal" before the district court had "completed its review and filed its opinion in open court," *id*. ¶ 10, and thus has deprived him of "a fair

opportunity to present evidence and argument" to the Circuit which, in turn, has "subject[ed] him to intentional stress as a result," *id.* In addition, the plaintiff has alleged violations of rights protected under the First and Fifth Amendments to the United States Constitution, *id.* ¶ 13, and he brings this *Bivens* action against the judges and deputy clerk, *see id.* ¶¶ 4-8.

The judges enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Furthermore, the absolute judicial immunity afforded to these judges extends to court clerks performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993).

An Order consistent with this Memorandum Opinion is issued separately.

DATE:

3/31/14

_____
United States District Judge