UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kwasi Seitu, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:16-cv-00240 |
| v. | ) | Assigned To : Unassigned |
| | ) | Assign. Date : 2/16/2016 |
| Huntwood Preservation, LLC *et al.*, | ) | Description: Pro Se Gen. Civil (F Deck) |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary damages from an immune defendant).

Plaintiff is a District of Columbia resident. In this action captioned: Damages Complaint for Conspiracy to Violate Civil and Human Rights With Jury Demand, plaintiff sues three judges of the Superior Court of the District of Columbia, a limited liability company, and two individuals. He demands money damages exceeding $100 million. The defendants are alleged to have participated in "an illegal eviction." Compl. at 2. Plaintiff accuses the defendants of "a scheme to violate [his] Constitutional, Civil, and Human Rights . . . through the initiation and secretive continuance of a malicious Landlord and Tenant action, resulting in the Plaintiff being unexpectedly and illegally evicted from his abode, with all of his belongings being criminally broken open to the general public for taking for several hours." *Id*. Plaintiff claims that the defendants violated his right of due process.

1

Judges are absolutely immune from lawsuits arising from acts taken in their judicial capacity. *See Mirales v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Because plaintiff's allegations against the Superior Court judges are based on their actions taken during eviction proceedings within their jurisdiction, *see* Compl. ¶¶ 15, 18, 20-28, immunity shields those defendants from this lawsuit. *Seitu v. District of Columbia*, 368 Fed. App'x 147 (D.C. Cir. 2010) (citing *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009)).

Plaintiff sues three private defendants--the property management company, the property manager, and their attorney--essentially for bringing an alleged malicious landlord-tenant action. This Court lacks jurisdiction over that claim because (1) it does not present a federal question, *see* 28 U.S.C. § 1331, and (2) plaintiff and two of the private defendants reside in the District of Columbia, thereby foreclosing an action in diversity. *See id.* § 1332. Plaintiff's recourse against the private defendants lies, if at all, in D.C. Superior Court. Hence, dismissal of the complaint against those defendants will be without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: February ___, 2016

United States District Judge

2