# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

No. 21-7011

September Term, 2021

1:20-cv-02797-UNA

**Filed On:** July 14, 2022

Prince Jones,

        Appellant

    v.

District of Columbia, et al.,

        Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Wilkins, and Katsas, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, the motion to supplement the record and the lodged addendum, and the motion for leave to file a statement of non-position and motion for summary affirmance, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to supplement the record be granted. The Clerk is directed to file the lodged addendum. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered on October 30, 2020 (dismissing appellant's complaint), December 11, 2020 (denying

appellant's motion to reopen the case), and December 16, 2020 (denying appellant's motion for relief pursuant to Federal Rule of Civil Procedure 59(e)) be affirmed.

With respect to all of appellant's claims except his false arrest claim and his claim under the Fourth Amendment related to the warrantless use of a cell-site simulator, the district court correctly held that appellant's claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). A favorable ruling on any of those claims would necessarily imply the invalidity of his conviction and sentence arising from his guilty plea, and he has not demonstrated that that conviction or sentence has been overturned or otherwise invalidated. Id. at 486-87.

With respect to appellant's cell-site simulator claim and false arrest claim, the court affirms on a ground other than that articulated by the district court. See Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) (court may affirm on any ground supported by the record). The Superior Court judge appellees are entitled to immunity from these claims, see Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993), as is appellee Lazarus, see Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Likewise, the police officer appellees are entitled to qualified immunity from claims for damages "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mullenix v. Luna, 577 U.S. 7, 11 (2015) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Because the unconstitutionality of the officers' warrantless use of a cell-site simulator was not "clearly established" at the time they engaged in that conduct, and because appellant's allegation that he was arrested without probable cause arises from that unconstitutional use, qualified immunity shields them from these claims. Furthermore, appellant does not raise in his brief any arguments linking either appellee Bowser or the District of Columbia to these claims. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (arguments not raised on appeal are forfeited). It is

**FURTHER ORDERED** that the motion for leave to file a statement of non-position and motion for summary affirmance be dismissed as moot. Appellant has raised no claims against appellee Whitehead related to the cell-site simulator or false arrest issues, and has therefore forfeited any such claims. See Totten, 380 F.3d at 497.

**No. 21-7011**                                    **September Term, 2021**


Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.


**<u>Per Curiam</u>**