# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7046**             **September Term, 2022**

**1:23-cv-00819-UNA**

**Filed On:** July 24, 2023

Ansera Benet Dupree, Jr.,

       Appellant

    v.

James Horwitz, Judge,

       Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Pillard and Rao, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and appellant's motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's April 12, 2023, order be affirmed. The district court correctly dismissed appellant's claims for damages because appellee is absolutely immune from suits for money damages for actions taken within his judicial jurisdiction. See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). Further, to the extent appellant seeks to vacate orders issued by appellee, a state court judge, his case was properly dismissed because federal district courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-7046**                                    **September Term, 2022**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk