# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 23-5135            September Term, 2022

1:23-cv-00883-UNA

**Filed On:** August 17, 2023

Paul E. Jozwiak,

         Appellant

    v.

David C. Bury,

         Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**     Wilkins and Walker, Circuit Judges, and Sentelle\*, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and appellant's motion regarding case status and schedule, it is

**ORDERED AND ADJUDGED** that the district court's order filed on April 17, 2023 be affirmed. The district court properly dismissed the case without awaiting any response from the defendant because the appellee is entitled to judicial immunity from a damages suit. See 28 U.S.C. § 1915(e)(2)(B) (providing that the court shall dismiss a case filed in forma pauperis "at any time" if the court determines it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant); Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam) ("An in forma pauperis complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."). Despite appellant's contentions to the contrary, the district court correctly concluded that his damages claims against a federal judge are

      \* Senior Circuit Judge Sentelle was a member of the panel at the time the case was submitted, but did not participate in this judgment.

barred by absolute judicial immunity.  See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction.").  Appellant also has not demonstrated that the appellee acted in the complete absence of all jurisdiction.  See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (describing the relevant inquiry as "whether at the time [the defendant judge] took the challenged action he had jurisdiction over the subject matter before him").  Appellant has not challenged the district court's conclusion that it could not review the actions of another federal district court or compel it to act and thus has forfeited any such argument.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  It is

        **FURTHER ORDERED** that the motion regarding case status and schedule be dismissed as moot.

        Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk