# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 23-7087

September Term, 2023

1:23-cv-01004-UNA

**Filed On:** December 22, 2023

Anthony Braxton,

      Appellant

    v.

District of Columbia,

      Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to appoint counsel and for an injunction seeking a transfer to another facility, and the supplement to the brief, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for an injunction be denied. Appellant has shown no valid basis for this court to grant injunctive relief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed June 12, 2023 be affirmed. Appellant appears to be challenging actions that judges of the Superior Court of the District of Columbia have taken in two of his cases, which were ongoing at the time of the district court's dismissal. Appellant may not maintain an action in federal court for declaratory or injunctive relief regarding ongoing state criminal prosecutions. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (citing Younger v. Harris, 401 U.S. 37 (1971)). Additionally, to the extent appellant seeks damages based on the judges' rulings, his claims are barred by judicial immunity. See

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-7087**                                   **September Term, 2023**

Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk