# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5259**

**September Term, 2023**

**1:23-cv-02501-UNA**

**Filed On:** March 22, 2024

Dmt MacTruong, also known as Dr. Mac
Truong,

      Appellant

    v.

Anthony C. Valenziano, et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 11, 2023 be affirmed. The district court properly dismissed the complaint on the ground that it was frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). The district court correctly concluded that appellant's claim for damages based on judges' rulings are barred by judicial immunity. See Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."); Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981) ("An in forma pauperis complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."). Additionally, appellant has not shown any error in the district court's conclusion that there is no private right of action under the criminal statutes he cited or under the Uniform Code of Military Justice. See Crosby v. Catret, 308 F. App'x 453, 453 (D.C. Cir. 2009) (stating that there is no private right of action under 18 U.S.C.

§ 241); see also Lee v. United States Agency for Int'l Dev., 859 F.3d 74, 77-78 (D.C. Cir. 2017) ("[T]he express provision of a criminal penalty . . . in a bare criminal statute, with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy.") (cleaned up). Moreover, appellant has not shown that the court erred in dismissing the complaint with prejudice.  See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (cleaned up).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Michael C. McGrail
Deputy Clerk