# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5245**                                    **September Term, 2024**

**1:24-cv-02355-APM**

**Filed On:** March 19, 2025

Ganiyu Jaiyeola, Dr.,

      Appellant

    v.

James P. O'Hara, The Honorable,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Childs, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders entered August 30, 2024 and September 25, 2024 be affirmed. The district court correctly dismissed appellant's suit because his allegations arise from appellee's actions in appellant's civil case before the United States District Court for the District of Kansas. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The actions about which appellant complains were well within appellee's judicial capacity and jurisdiction. See id. Furthermore, the district court correctly held that appellant had not asserted that appellee acted under color of state law, as required for a claim under 42 U.S.C. § 1983. See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("To recover under § 1983, the plaintiff must show that the defendant was acting 'under color' of state law. Section 1983 does not apply to federal officials acting under color of federal law."). The district court also did not abuse its discretion in denying appellant's motion for relief from judgment because appellant identified no error in the

**No. 24-5245**                                      **September Term, 2024**

district court's decision.  See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk