# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KWASI SEITU,                           )
                                       )
           Plaintiff,                  )
                                       )    Civil Action No. 1:25-cv-01773 (UNA)
v.                                     )
                                       )
PHILLIP POLKINGHORN, et al.,           )
                                       )
           Defendants.                 )

## MEMORANDUM OPINION

This matter is before the Court for review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application and, for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff sues at least ten defendants, including federal and local judges across various jurisdictions, representatives of Americo Life Insurance, Americo's attorneys, and District of Columbia government officials. *See* Compl. at 1, 3–4. He does not provide addresses for the Defendants in contravention of D.C. LCvR 5.1(c)(1). At root, Plaintiff takes issue with the outcome of proceedings and actions taken in a lawsuit that he filed against Americo in the Superior Court of the District of Columbia, as well as the D.C. Judicial Disabilities and Tenure Commission's subsequent dismissal of a grievance that Plaintiff filed against two of the presiding judges. *See id.* at 4–6. The Complaint otherwise devolves into ruminations regarding a conspiracy of wrongdoing orchestrated against him by Defendants and other alleged assorted state and federal actors, including other unsuccessful lawsuits and grievances that Plaintiff has filed, all of which spans approximately four decades. *See id*. at 1–2, 7–13. He demands approximately $40 million in damages and assorted equitable relief. *See id*. at 14–15.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the amended petition fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, the Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category. Furthermore, the Court finds no merit in Plaintiff's assertions that a far-reaching government conspiracy rooted in bias has been orchestrated against him in multiple forums. Plaintiff, based on speculation only, falsely equates any unfavorable decision or perceived slight to some sort of nefarious scheme, offering "only 'a

laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy,'" and such allegations are patently "'insufficient to allow the case to go forward.'" *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (dismissing for lack of subject matter jurisdiction as frivolous) (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007)).

Second, what little *can* be understood is that Plaintiff asks this Court to intervene and grant relief that would alter and undermine determinations rendered by the D.C. Superior Court, but federal district courts generally lack jurisdiction to review or otherwise interfere with the decisions and actions of state courts. *See Richardson v. Dist. of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *Dist. of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Furthermore, this Court lacks subject matter jurisdiction over Plaintiff's challenge to the dismissal of his grievance by the D.C. Judicial Disabilities and Tenure Commission. *See* D.C. Code 11 §15-1521 *et seq*.

Third, the Defendant judges are immune to suit for damages. Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Mireles*, 502 U.S. at 13; *see also id.* at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

For all the above stated reasons, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   August 7, 2025                              _____/s/_____
                                                                    JIA M. COBB
                                                          United States District Judge